IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,093-03






EX PARTE CECIL DEMMERIT BANKS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0547623D IN CRIMINAL DISTRICT COURT NO. 1
FROM TARRANT COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. Banks v.
State, No. 02-96-00055-CR (Tex. App.-Fort Worth, October 9, 1997, no pet.). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to interview Weldon Smith. He also contends that the State failed to disclose an
affidavit Smith signed in 1997. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Brady v. Maryland, 373 U.S. 83 (1963). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection.
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) the facts
in Smith's affidavit were "ascertainable through the exercise of reasonable diligence on or before"
the date the initial application in this case was filed, Tex. Code Crim. Proc. art. 11.07, § 4(c); (2)
"by a preponderance of the evidence, but for a violation of the United States Constitution no rational
juror could have found [Applicant] guilty beyond a reasonable doubt," Tex. Code Crim. Proc. art.
11.07, § 4(a)(2); (3) Smith's affidavit is credible; (4) trial counsel rendered ineffective assistance by
failing to interview Smith; and (5) the State violated Brady v. Maryland, 373 U.S. 83 (1963), by not
disclosing Smith's affidavit. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 16, 2009

Do not publish